IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JOHNNY FLOYD PERSON, JR.,** ]
]
   Movant, ]
]
v. ] Case No.: 2:24-cv-8023-ACA
]
**UNITED STATES OF AMERICA,** ]
]
   Respondent. ]

## MEMORANDUM OPINION

Johnny Floyd Person, Jr. pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possessing with intent to distribute methamphetamine, cocaine, and fentanyl, in violation of § 841(a)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Person*, No. 22-322, doc. 41 (N.D. Ala. Dec. 20, 2023).[1] He has now filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, making two claims: (1) trial counsel was ineffective for failing to review the presentence investigation report with him ("Claim One"); and (2) trial counsel was ineffective for failing to relay Mr. Person's plea offer to the government ("Claim Two").[2] (Doc. 1 at 5, 7;

---

[1] The court cites documents from Mr. Person's criminal proceeding as "*Person* doc. __."

[2] Mr. Person's § 2255 motion has three numbered claims, but the first is titled simply "ineffective assistance of counsel," followed by citations to *Strickland v. Washington*, 466 U.S. 668 (1984), and *United States v. Cronic*, 466 U.S. 648 (1984), with no factual basis provided. (*See*

doc. 2 at 2–6). Because Mr. Person has not alleged facts that, if true, would entitle him to relief, the court **WILL DENY** the § 2255 motion without an evidentiary hearing. The court **WILL GRANT** a certificate of appealability on Claim One but **WILL DENY** a certificate of appealability on Claim Two.

I.   BACKGROUND

A § 2255 movant "is entitled to an evidentiary hearing if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotation marks omitted). The allegations must be "reasonably specific" and "non-conclusory." *Id.* The court "need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (quotation marks omitted).

A grand jury indicted Mr. Person on three counts: (1) distributing five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); (2) possessing fifty grams or more of methamphetamine, a mixture and substance containing a detectable amount of cocaine hydrochloride, and a mixture and substance containing a detectable amount of fentanyl, in violation of § 841(a)(1)

---

doc. 1 at 4). His brief in support sets out his factual allegations and arguments in support of the last two claims but does not do so as to the first. (*See* doc. 2 at 2–6). A § 2255 motion must "state the facts supporting each ground." Rules Governing Section 2255 Proceedings, Rule 2(b)(2). Because Mr. Person alleged no facts in support of the first numbered claim, it is insufficient as a matter of law and the court will not address it further.

("Count Two"); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). (*Person* doc. 1).

Mr. Person alleges in his brief—which he incorporated into his § 2255 motion by reference—that counsel failed to relay a plea offer he wanted to make to the government for a sentence of sixty-three months because counsel feared the offer would anger the government and prompt it to withdraw its plea offer. (Doc. 2 at 4–5; *see* doc. 1 at 4). Counsel, in an affidavit, disputes that allegation. (Doc. 8-1 at 1). But "contested fact issues in [§] 2255 cases cannot be resolved on the basis of affidavits" without holding an evidentiary hearing. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979);[3] *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ."); *Winthrop-Redin*, 767 F.3d at 1216. Accordingly, for purposes of determining whether an evidentiary hearing is warranted, the court accepts as true Mr. Person's allegation that counsel did not relay Mr. Person's plea offer to the government.

Mr. Person entered a plea agreement with the government under which he pleaded guilty to all three counts in exchange for a three-level reduction to his offense level for acceptance of responsibility and a recommendation that the court

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

sentence him to the low end of the advisory guidelines range. (*Person* doc. 31 at 1, 8). In the plea agreement, Mr. Person agreed that in January 2021, a confidential informant purchased 40.82 grams of methamphetamine from him and in February 2022, another confidential informant purchased 27.34 grams of methamphetamine from him. (*Id.* at 3–4, 7). He also agreed that in February 2022, law enforcement officers seized 377 grams of methamphetamine, 26.8 grams of cocaine, and 2.47 grams of fentanyl during a search of his house. (*Id.* at 5–7). At the plea hearing, Mr. Person agreed that the plea agreement's description of the facts was accurate.

      The presentence investigation report converted the drug weights listed in the plea agreement into the equivalent of 8,914.74 kilograms of marijuana and used that amount to assign a base offense level of thirty-two. (*Person* doc. 40 ¶ 27). With a two-level increase under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) for possessing firearms and a three-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility, Mr. Person had a total offense level of thirty-one and a criminal history category of III, resulting in an advisory guidelines range of 135 to 168 months' imprisonment. (*Person* doc. 40 ¶¶ 28, 35–37, 50, 84). Count One carried a five-year mandatory minimum sentence because it involved more than five grams of methamphetamine, *see* 21 U.S.C. § 841(b)(1)(B)(viii), Count Two carried a ten-year mandatory minimum sentence because it involved more than fifty grams of methamphetamine, *see id.* § 841(b)(1)(A)(viii), and Count

Three did not have a minimum sentence, *see* 18 U.S.C. § 924(a)(2). (*Person* doc. 40 ¶ 83).

Mr. Person alleges that counsel did not show him the presentence report or discuss the presentence report with him before the sentence hearing. (Doc. 2 at 2–3). Again, counsel disputes that allegation in an affidavit. (Doc. 8-1). But unless the court holds an evidentiary hearing, the court must take as true Mr. Person's allegation. *See* 28 U.S.C. § 2255(b); *Winthrop-Redin*, 767 F.3d at 1216. Accordingly, for purposes of this opinion, the court proceeds on the assumption that counsel did not show Mr. Person the presentence report or discuss the report with him.

Mr. Person did not object to the presentence report. At the sentence hearing, the government moved for a downward departure on more than one basis, which the court granted. As a result of these motions, the court sentenced Mr. Person to eighty months' imprisonment. (*Person* doc. 41 at 2). Mr. Person did not appeal.

## II.   DISCUSSION

Mr. Person makes two claims of ineffective assistance of counsel. (Doc. 1 at 5, 7; doc. 2 at 2–6). To prevail on a claim of ineffective assistance of counsel, Mr. Person must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

1. Claim One

In Claim One, Mr. Person contends that trial counsel was ineffective for failing to review the presentence investigation report with him before the sentence hearing so that he could point out issues with the drug amount and criminal history calculations. (Doc. 1 at 5; *see* doc. 2 at 2–3). Even assuming counsel performed deficiently by failing to show Mr. Person the presentence investigation report or discuss the report with him, Mr. Person has not established prejudice because he has not pointed to any error in the presentence report that would have a reasonable probability of resulting in a different advisory guidelines range. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

First, Mr. Person contends that he would have objected to the fentanyl amount because it was "for personal use." (Doc. 2 at 3). But Mr. Person pleaded guilty to the charge of possessing with the intent to distribute fentanyl, among other drugs. (*Person* doc. 1 at 1; *Person* doc. 31 at 1–2; *Person* doc. 41 at 1). And the presentence investigation report attributed to Mr. Person only the amount of fentanyl that he admitted to possessing. (*Compare Person* doc. 31 at 6–7, *with Person* doc. 40 ¶ 27). Accordingly, any objection to the fentanyl amount would have been meritless, and

counsel's failure to elicit that objection from Mr. Person could not have prejudiced his sentencing. *See Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009) (holding that because "the underlying substantive claims on those issues lack merit . . . any deficiencies of counsel in failing to raise or adequately pursue them cannot constitute ineffective assistance of counsel").

Next, Mr. Person asserts that convictions for "[p]rior drug infractions . . . and misdemeanor offenses of driving and petty offenses" were incorrectly counted in his criminal history category. (Doc. 2 at 3). The presentence investigation report assigned Mr. Person five criminal history points, resulting in the criminal history category of III. (*Person* doc. 40 ¶¶ 49–50). Consistent with U.S.S.G. § 4A1.1(a), it gave Mr. Person three points for a conviction for possession of cocaine for which he was sentenced to two years' imprisonment. (*Id.* ¶ 44). Consistent with U.S.S.G. §§ 4A1.1(c) and 4A1.2(a)(3), it gave Mr. Person one point each for a conviction for possession of marijuana and a conviction for pistol-carrying without a license, for which he received suspended sentences. (*Id.* ¶¶ 47–48). Accordingly, any objection to counting those offenses would have been meritless, and counsel's failure to elicit Mr. Person's objection to the criminal history calculation could not have prejudiced his sentencing. *See Owen*, 568 F.3d at 915.

2. Claim Two

In Claim Two, Mr. Person contends that the trial counsel was ineffective during plea negotiations because although counsel relayed the government's only offer, counsel refused to convey to the government Mr. Person's offer to plead guilty in exchange for a sixty-three-month sentence out of fear that the government would rescind the offer it had made. (Doc. 1 at 7; doc. 2 at 4–5).

The Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). To show prejudice, the movant "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). For example, where counsel performs deficiently by failing to convey a plea offer from the government, the movant can establish prejudice by demonstrating a reasonable probability he would have accepted the offer, the government would not have canceled the offer, and the court would have accepted the plea bargain. *Frye*, 566 U.S. at 147.

Even assuming that counsel performed deficiently by refusing to tell the government about Mr. Person's offer to plead guilty in exchange for a sixty-three-month sentence, Mr. Person cannot establish prejudice. To be guaranteed a sixty-three-month sentence, Mr. Person and the government would have had to enter into

a binding plea agreement, which requires the court to approve the agreement and to impose the agreed-upon sentence. *See* Fed. R. Crim. P. 11(c)(1)(C), (c)(3)(A). Mr. Person does not allege that the government would have accepted an offer to enter into a binding plea agreement for a sixty-three-month sentence. (*See* doc. 2 at 4–6); *Frye*, 566 U.S. at 147. Nor does he allege that the court would have accepted a binding plea in exchange for a sixty-three-month sentence. (*See* doc. 2 at 4–6); *Frye*, 566 U.S. at 147. Accordingly, the court **DENIES** Claim Two.

### 3. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted).

Mr. Person has not satisfied either standard with respect to Claim One, but Claim Two is adequate to deserve encouragement to proceed further. *See id.* Accordingly, the court **WILL GRANT** a certificate of appealability on the

following question: whether the district court should have granted an evidentiary hearing on the claim that trial counsel provided ineffective assistance by failing to convey to the government Mr. Person's offer to plead guilty in exchange for a sixty-three-month sentence.

### III.  CONCLUSION

The court **WILL DENY** Mr. Person's § 2255 motion without an evidentiary hearing. The court **WILL DENY** a certificate of appealability on Claim Two but **WILL GRANT** a certificate of appealability on the following question: whether the court should have granted an evidentiary hearing on the claim that trial counsel provided ineffective assistance by failing to convey to the government Mr. Person's offer to plead guilty in exchange for a sixty-three-month sentence.

**DONE** and **ORDERED** this June 16, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE